IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

PACE WOOD,

    Plaintiff,

                              CASE NO. 5:14-cv-47-RS-EMT

CALHOUN COUNTY, FLORIDA,

    Defendant.
_____/

## ORDER

Before me are Defendant Calhoun County, Florida's, Motion for Summary Judgment (Doc. 35); Defendant's Statement of Facts in Support of Defendant's Motion for Summary Judgment (Doc. 36); Plaintiff's Response and Memorandum in Opposition to Defendant's Motion for Summary Judgment (Doc. 46); and Plaintiff's Statement of Material Facts in Response and Opposition to Defendant's Motion for Summary Judgment (Doc. 45).

Pace Wood has sued his former employer, Calhoun County, Florida, for discrimination and retaliation because they fired him shortly after he returned from worker's compensation leave. The County claims they fired him for insubordination after Plaintiff repeatedly used a forklift after being told not to. Its decision to fire him was ratified after a hearing before the Board of County Commissioners.

I find that Plaintiff has not produced sufficient evidence to demonstrate that the County's stated reasons for firing him were pretextual. Plaintiff's claims thus fail as a matter of law, and the County's motion for summary judgment is granted.

## I.   STANDARD OF REVIEW

The basic issue before the court on a motion for summary judgment is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251, 106 S. Ct. 2505, 2512, 91 L. Ed. 2d 202 (1986).  The moving party has the burden of showing the absence of a genuine issue as to any material fact, and in deciding whether the movant has met this burden, the court must view the movant's evidence and all factual inferences arising from it in the light most favorable to the nonmoving party.  *Adickes v. S. H. Kress & Co.,* 398 U.S. 144, 157, 90 S. Ct. 1598, 1608, 26 L. Ed. 2d 142 (1970); *Fitzpatrick v. City of Atlanta*, 2 F.3d 1112, 1115 (11th Cir. 1993).  Thus, if reasonable minds could differ on the inferences arising from undisputed facts, then a court should deny summary judgment. *Miranda v. B & B Cash Grocery Store, Inc.*, 975 F.2d 1518, 1534 (11th Cir. 1992) (citing *Mercantile Bank & Trust v. Fidelity & Deposit Co.*, 750 F.2d 838, 841 (11th Cir. 1985)).  However, a mere 'scintilla' of evidence supporting the nonmoving party's position will not suffice; there must be enough of a showing that the jury could reasonably find for that

party. *Walker v. Darby*, 911 F.2d 1573, 1577 (11th Cir. 1990) (citing *Anderson*, 477 U.S. at 251).

## II. BACKGROUND

I accept the facts in the light most favorable to Plaintiff. *See Galvez v. Bruce*, 552 F.3d 1238, 1239 (11th Cir. 2008). All reasonable doubts about the facts shall be resolved in favor of the non-movant. *Id.*

In 1995, Plaintiff Pace Wood became employed in the Calhoun County Recycling Center, a facility operated by Defendant Calhoun County, Florida. (Doc. 45 at 3-4). Plaintiff performed various tasks at the recycling center, including operating a forklift. (*Id.* at 4).

On January 17, 2012, Plaintiff was injured in an incident involving a forklift that was being operated under Plaintiff's direction by a prisoner trustee who was assigned to work at the facility. (*Id.* at 5). Plaintiff attempted to return to work in November 2012, but was still under medical restriction and was told there was no work for him. (*Id.*). Plaintiff received a full medical release on December 27, 2012. (*Id.*). He returned to work on January 2, 2013. (*Id.* at 6). However, his injuries caused a permanent "ten percent impairment" in his ability to perform work. (*Id.*)

When Plaintiff returned to work, he was placed under the supervision of Joe Wood (who is not related to Plaintiff Pace Wood). (*Id.*). Plaintiff's previous duties had been replaced by another worker, Keith Baker. (*Id.*). Plaintiff's new duties

were to ride along with Baker and assist him in performing tasks at the recycling center. (*Id.* at 6-7). However, Joe Wood specifically instructed Plaintiff not to drive the county truck or operate the forklift. (*Id.*). Joe Wood was concerned that, based on Plaintiff's previously incurred injuries resulting from use of a forklift, he could be involved in another costly accident. (*Id.* at 7). Plaintiff was skeptical of this reasoning, since the injury occurred when he was supervising the forklift, rather than operating it, and requested this directive in writing; Joe Wood, however, refused to provide it in writing. (*Id.*). Plaintiff was especially frustrated by this directive, as he says he was unable to accomplish some of the tasks he was assigned without being able to use the forklift. (*Id.* at 7-8).

After Plaintiff continued to use the forklift in violation of the directive not use the forklift, he was fired on March 11, 2013. (*Id.* at 10; Doc. 36 at 5). Before he was fired, Plaintiff also notes that Baker prevented him from returning to work on time after lunch break by delaying giving him rides, and Baker also told him that he should be faster and quicker at his work, despite his injuries. (Doc. 45 at 9). Further, Joe Wood said that he needed to be careful about his words with Plaintiff, because he had a lawsuit pending about his worker's compensation claim. (*Id.*).

After being fired, Plaintiff appealed in a hearing before the Calhoun County Board of Commissioners, where he was represented by counsel. (*Id.* at 10; Doc. 36 at 6). During the meeting, Plaintiff admitted to operating the forklift in violation of

instruction not to. (Doc. 36 at 6). After the hearing, the Board voted to uphold termination. (*Id.*).

Plaintiff filed suit in this court on the basis of federal question jurisdiction, alleging a state law workers compensation retaliation claim and a claim for discrimination in violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 et seq, and analogous state statutes.

Calhoun County now moves for summary judgment.

### III.  DISCUSSION

The parties agree that, given the lack of direct of direct evidence of discrimination, both the ADA discrimination claim and the workers compensation claim should be analyzed under the *McDonnell Douglas* framework for circumstantial evidence in discrimination cases. *See Earl v.Mervyns, Inc.*, 207 F.3d 1361, 1365 (11th Cir. 2000) (applying framework in ADA case); *Andrews v. Direct Mail Exp., Inc.*, 1 So. 3d 1192, 1193 (Fla. 5th DCA 2009) (applying framework in workers compensation case).

In order to succeed under this framework, the plaintiff must create an inference of discrimination through a prima facie case. *Vessels v. Atlanta Indep. Sch. Sys.*, 408 F.3d 763, 767 (11th Cir. 2005). If plaintiff succeeds, the defendant may proffer non-discriminatory reasons for the employment decisions. *Id.* The plaintiff must then prove that these reasons were pretextual. *Id.* at 768.

### *a.* *The Prima Facie Case*

In order to establish a prima facie case for ADA discrimination, a plaintiff must demonstrate that he (1) has a disability; (2) is a qualified individual; and (3) was unlawfully subjected to discrimination because of her disability. *Stewart v. Happy Herman's Cheshire Bridge, Inc.*, 117 F.3d 1278, 1285 (11th Cir. 1997). In order to establish a prima facie case for worker's compensation retaliation, a plaintiff must demonstrate (1) a statutorily protected expression; (2) an adverse employment action; and, (3) a causal connection between participation in the protected expression and the adverse action. *Andrews*, 1 So.3d at 1193.

Calhoun County conflates the elements of the claims ADA discrimination and workers compensation discrimination, and also misstates the elements of the prima facie case for ADA discrimination. The County claims that it only contests the "causation element of Plaintiff's claim," (Doc. 35 at 9). However, it wholly fails to explain why the causation prong is not satisfied for either claim, as well as what exactly "causation" means in an ADA discrimination context.

Rather than developing its causation argument, the County first states that Plaintiff has failed to identify similarly situated employees who were treated differently; however, it appears to be conflating Plaintiff's claim with a Title VII claim, as disparate treatment is not an element of ADA claim. The County next states that there is no evidence that it perceived Plaintiff as disabled—an argument

6

that has nothing to do with causation. The argument is also inapposite to Plaintiff's claim, as Plaintiff claims to be actually disabled, rather than merely "regarded as" disabled, *see* 42 U.S.C. § 12102(2), and the County does not appear to dispute Plaintiff's actual disability.

I therefore find that, by failing to effectively argue otherwise, the County has conceded that Plaintiff has established a prima facie case for both ADA discrimination and worker's compensation retaliation.

### b.     Pretext

The County next argues that it fired Plaintiff for the legitimate, non-retaliatory reason of insubordination, after he repeatedly continued to operate the forklift despite explicit instructions not to. The decision to fire him was ratified after a full hearing before the Board of County Commissioners. Plaintiff responds that the decision to fire him was a mere pretext for firing him because of his disabilities and in retaliation for his worker's compensation claims.

To show pretext, a plaintiff must demonstrate that the proffered reason was not the true reason for the termination, either by directly showing that the discriminatory reason more likely motivated the decision or by indirectly showing that the proffered explanation is unworthy of belief. *Jackson v. State of Alabama State Tenure Comm'n*, 405 F.3d 1276, 1289 (11th Cir. 2005). The plaintiff must

produce enough evidence of allow a reasonable finder of fact to conclude that the defendant's articulated reasons for its decision are not believable. *Id.*

Insubordination—in this case, using the forklift despite repeated instructions not to—is a valid reason for termination. *See, e.g., Forbes v. City of N. Miami*, 509 F. App'x 864, 868 (11th Cir. 2013). Furthermore, where a decisionmaker conducts his own evaluation and makes an independent decision, the decision is free of the taint of a biased subordinate employee. *Pennington v. City of Huntsville*, 261 F.3d 1262, 1270 (11th Cir. 2001). Because the firing decision was ratified by the Board of County Commissioners, after a full hearing, it is irrelevant whether Joe Wood had any bias or animus towards Plaintiff for either being disabled or for having suffered a work-related injury.

Plaintiff argues that the Board's decision does not remove the taint of Joe Wood's alleged bias because Joe Wood was a "cat's paw" and made the ultimate firing decision himself, and the ratification was not truly independent of his reasoning. In a "cat's paw" situation, a decisionmaker acts in accordance with the harasser's decision without independently evaluating the employee's situation. *See Llampallas v. Mini-Circuits, Lab, Inc.*, 163 F.3d 1236, 1249 (11th Cir. 1998).

Plaintiff relies on the recent Supreme Court Decision in *Staub v. Proctor Hosp.*, 131 S. Ct. 1186, 1193, 179 L. Ed. 2d 144 (2011), which held that a cursory review of a biased subordinate by an independent decision maker would not suffice

8

to cleanse the employer of bias. The court adopted a proximate cause test, requiring that the "biased supervisor's action be a causal factor of the ultimate employment action." *Id.*

Plaintiff's argument fails based on the nature of the review in this case. In *Staub*, a supervisor made the decision to fire Staub based on a cursory review of a subordinate's accusation. Plaintiff, by contrast, was afforded a hearing before the full Board of County Commissioners, and was represented by counsel. The decision to terminate Plaintiff based on a procedurally valid and independent review of the situation, with evidence presented by both sides. *Staub* specifically noted that a supervisor's biased report would only remain a causal factor if the independent investigation takes it into account "without determining that the adverse action was, apart from the supervisor's recommendation, entirely justified." *Staub*, 131 S. Ct. at 1193. Because the Board held a hearing specifically for the purpose of determining whether the adverse action was entirely justified, reliance on *Staub* is inapposite. *Accord Brooks v. Hyundai Motor Mfg. Ala., LLC*, 444 F. App'x 385, 388 (11th Cir. 2011) (finding that review of decision maker was sufficiently independent from allegedly biased employee to avoid *Staub* causation).

Indeed, due to the independent nature of the Board's review, the Board made its own decision and did not merely "rubber stamp" Joe Wood's decision; Joe Wood was thus outside the definition of a "cat's paw." *Llampallas*, 163 F.3d at

1249. Furthermore, Plaintiff's allegation that Joe Wood met with one of the Board members to discuss the termination decision does not fail to render the Board's decision independent. Joe Wood's initial decision to fire Plaintiff was thus cleansed of any bias Joe Wood may have had in making the decision. *Pennington*, 261 F.3d at 1270.

Thus cleansed of any alleged bias from Joe Wood, Plaintiff is unable to demonstrate "such weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions" in the Board's decision to fire him for insubordination as to render its reasoning "unworthy of credence." *Jackson*, 405 F.3d at 1289.

Plaintiff's strongest argument is that he was assigned tasks that required him to use the forklift, and he would not have been able to complete those tasks without the forklift. However, this is not sufficient to render the Board's decision to fire him for insubordination "unworthy of credence." The Board decided to fire Plaintiff after he used the forklift multiple times in direct violation of multiple orders from his superior not to use the forklift. Rather than choose to appeal the forklift prohibition or see what would happen if he failed to complete the tasks that required the forklift, Plaintiff made the decision to repeatedly use the forklift even against repeated orders from his superior to stop.

Had Plaintiff chosen to stop using the forklift as his superior instructed him to, his case would be very different. If he were subsequently fired for failing to

complete tasks that could not be completed without a forklift, and was expected to complete them without a forklift, then the explanation for his termination would be "unworthy of credence" and could likely have been a pretext for firing him for a different reason. "Failure to complete an impossible task," unlike "insubordination," is not a presumptively justifiable reason for termination.

In fact, however, Plaintiff made the decision to disobey his supervisors and use the forklift despite their explicit instructions not to—an offense which could certainly merit termination. An independent Board review of the situation confirmed that it did, and Plaintiff has not offered enough evidence to convince a reasonable jury otherwise.

Plaintiff's other arguments likewise fail. While it may be unusual that Plaintiff was subject to termination rather than progressive discipline, that is not sufficient to render the termination decision a pretext. Further, it is not relevant why Joe Wood decided to prevent Plaintiff from using the forklift, or to which duties Plaintiff was reassigned after returning from worker's compensation leave, or why Joe Wood refused to put the no-forklift-use instruction into writing. The only relevant question is whether there is reason to believe that the Board's decision to terminate Plaintiff for insubordination was a pretext for firing him for being disabled or being injured on the job. Plaintiff has not produced enough evidence to convince a reasonable jury that it was.

### IV.   CONCLUSION

I therefore find that Calhoun County's proffered reason for terminating Plaintiff—insubordination for continuing to use the forklift in light of specific orders not to—is valid, and that Plaintiff has not produced enough evidence to convince a reasonable jury that this reason was a mere pretext to fire him because of his disabilities and his worker's compensation claims.

The relief requested in Defendant Calhoun County, Florida's, Motion for Summary Judgment (Doc. 35) is **GRANTED.** Plaintiff's claims are **DISMISSED WITH PREJUDICE.** The Clerk is directed to close the case.

**ORDERED** on December 2, 2014.

**/s/ Richard Smoak**
**RICHARD SMOAK**
**UNITED STATES DISTRICT JUDGE**
